UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-mj-04025 |
| ) | |
| MARLON CASTILLO, ) | |
| ) | |
| Defendant. ) | |

# ORDER

The United States of America has filed a Motion to Suspend the 30-Day Statutory Speedy Trial Clock and Exclude Such Time For All Speedy Trial Act Purposes (Doc. No. 12), based upon Administrative Order 209 In Re: Court Operations Under the Exigent Circumstances Created by COVID-19 (entered March 16, 2020 and modified and superseded on March 23, 2020). Administrative Order 209 responded to the public-health emergency declared throughout the State of Tennessee and the Nation to address public-health concerns related to the spread of coronavirus (COVID-19).

1. The record reflects that the government filed a complaint on March 6, 2020. The Defendant was arrested on March 6, 2020 pursuant to an arrest warrant issued the same day. The Defendant first appeared before a judicial officer on March 6, 2020, and was detained. The Speedy Trial Act, 18 U.S.C. § 3161, requires that an indictment or information charging the defendant with the commission of an offense be filed on or before April 5, 2020. 18 U.S.C. § 3161(b). Further, 18 U.S.C. § 3164(b) requires that the trial of any person who is detained solely because he or she is awaiting trial commence no later than 90 days following the beginning of such detention.

2. On March 16, 2020, the Court issued Administrative Order 209, which among other things provided that, "all Grand Jury proceedings scheduled to take place between March 17, 2020 and April 30, 2020, are continued. Accordingly, all related deadlines are suspended and tolled for all purposes, including the statute of limitations from March 17, 2020 through April 30, 2020. Admin. Order 209 at ¶ 6. Those grand juries are not in session but remain empaneled. The Speedy Trial Act automatically provides for an additional 30-days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b).

3. For the reasons set forth in Administrative Order 209, which are incorporated herein, the Court cannot determine whether or when enough individual grand jurors will be in a position to report for duty sufficient to maintain the required quorum. The Court finds that the ends-of-justice are served by suspending the 30-day statutory Speedy Trial period set forth in 18 U.S.C. § 3161(b), resetting the 30-day period to begin anew on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting and excluding the period of time between the date on which the Defendant was arrested and the date on which this Court first permits grand juries in the Middle District of Tennessee to resume meeting, for all Speedy Trial Act purposes.

4. This action is necessary for the above stated reason and to avoid a miscarriage of justice and to avoid unnecessary risk to grand jurors, the Defendant, witnesses, Court staff and counsel.

5. This action is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the government to obtain available witnesses.

6. The Court finds that the foregoing supports: (1) suspending the 30-day statutory Speedy Trial period set in 18 U.S.C. § 3161(b); (2) resetting the 30-day period to begin on the date that this Court permits grand juries in the Middle District of Tennessee to resume meeting; and (3) good cause for a finding of excludable time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice in granting such a suspension and continuance outweighs the best interest of the public and the defendant in a speedy indictment and speedy trial.

The government's motion (Doc. No. 12) is **GRANTED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE